**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| RACHEL ALLEN, an individual, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 1:14-CV-1350 |
| GUTHY-RENKER LLC, | ) ) ) | |
| Defendant. | ) ) | |

**NOTICE OF REMOVAL**

Defendant Guthy-Renker LLC ("Guthy-Renker"), by counsel, hereby gives notice of removal of this action from the Superior Court of Marion County, Indiana to the United States District Court for the Southern District of Indiana. Removal to this Court is proper because (1) this Court has jurisdiction over this case, and (2) the United States District Court for the Southern District of Indiana is the district embracing the place where the state court litigation is pending. In support of this Notice of Removal, Guthy-Renker states as follows:

**INTRODUCTION**

1.      Named Plaintiff, Rachel Allen, individually and on behalf of a purported class of similarly situated persons, filed a Complaint on July 11, 2014, in the Superior Court of Marion County, Indiana, bearing the Cause No. 49D05-1407-PL-023229 (the "Removed Action").

2.      On July 17, 2014, Guthy-Renker's registered agent for service received a Summons and Complaint in the Removed Action. A true and accurate copy of the Summons and Complaint served upon Guthy-Renker is attached as Exhibit A. Receipt of the foregoing documents was Guthy-Renker's first notice by Plaintiff of the existence of a pleading containing a claim for relief asserted by Plaintiff that could be removed to this Court.

3.      The Complaint alleges that Guthy-Renker failed to comply with the requirements set forth in the Magnuson-Moss Warranty Act and that Guthy-Renker made numerous misrepresentations regarding Wen® Hair Care Products, which allegedly caused both physical injury and emotional distress to consumers of the product.  The putative class is composed of all consumers in the United States who purchased or used Wen® Hair Care Products that were allegedly of a different quality, type, and nature than as represented by Guthy-Renker.  The Removed Action seeks damages, restitution, disgorgement of Guthy-Renker's revenues to the proposed class members, and attorney fees.

4.      This removal is effected and has been timely filed within the period allowed for removal of the action under 28 U.S.C. §§ 1446(b) and 1453(b).

5.      As set forth more fully below, this Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## JURISDICTION UNDER CAFA

6.      This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, in that it is a putative class action in which certain members of the putative class are citizens of a state different from Guthy-Renker; the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and the putative class exceeds 100 individuals.

7.      The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 103-2, 119 Stat. 4 (partially codified at 28 U.S.C. § 1332(d)), vests federal courts with diversity jurisdiction over (i) any purported class action in which (ii) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (iii) the proposed class contains at least 100 members, and (iv) the amount in controversy is at least $5,000,000 in the aggregate.  28 U.S.C. 1332(d)(2), (d)(5).  Each of these four requirements is satisfied in this case.

8. First, the case is a purported class action. Complaint ¶¶ 21-30. The Complaint pleads a putative class of "[a]ll consumers who reside in the United States and, within the applicable statute of limitations period, purchased and/or used the Wen Hair Products in the United States that were of a different quality, type, and nature than as represented by [Guthy-Renker]."[1] Complaint ¶ 21. Thus, the first requirement of CAFA is satisfied.

9. Second, this case satisfies the CAFA minimal diversity requirement that "any member" of the plaintiff class be a citizen of a state different from "any defendant." 28 U.S.C. § 1332(d)(2)(A). The Named Plaintiff, Rachel Allen, is a citizen of Indiana. Complaint, ¶ 1. Defendant Guthy-Renker is a citizen of the State of Delaware and the State of California.[2] Because the named Plaintiff is a citizen of a state (Indiana) different from Defendant Guthy-Renker (Delaware and California), the second requirement of CAFA is easily satisfied.

10. Third, the putative class consists of at least 100 members. Plaintiff alleges that "the proposed Class contains hundreds or even thousands of consumers who purchased Wen® Hair Care Products throughout the United States…." Complaint, ¶ 22. Thus, the third requirement of CAFA is satisfied.

---

[1] Excluded from the putative class are Guthy-Renker and its officers, directors and employees as well as those who purchased the Wen® Hair Care Products for the purposes of resale or use on others. *See* Complaint, ¶ 22.

[2] Guthy-Renker is a limited liability company. As such, one must look to its members to determine its citizenship. The sole member of Defendant Guthy-Renker is Guthy-Renker Holdings, LLC, a Delaware limited liability company. Ex. B (Affidavit of Scott Smith), ¶ 2. The members of Guthy-Renker Holdings, LLC are Guthy-Renker Partners, Incorporated ("GRPI") and GRH Management, LLC ("GRH"). *Id.* at ¶ 3. GRPI is incorporated in the State of Delaware with a principal place of business in the State of California. *Id.* at ¶ 4. Therefore, GRPI is a citizen of the State of Delaware and the State of California. *See* 28 U.S.C. § 1332(c) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). GRH is a California limited liability corporation with five individual members. *Id.* at ¶ 5. Each individual member of GRH is a citizen of the State of California. *Id.* Therefore, Guthy-Renker Holdings, LLC is a citizen of the State of Delaware and the State of California. And, in turn, Defendant Guthy-Renker is also a citizen of the State Delaware and California.

11.     Fourth, the amount in controversy exceeds $5,000,000, exclusive of costs and interest.  Unlike other bases for removal, under CAFA, a defendant need not show that the Named Plaintiff or any other class member has a particular amount of damages in excess of a jurisdictional amount; rather, the defendant need only show that the ***aggregate*** amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. § 1332.

12.     Under governing Seventh Circuit law, the party seeking removal to federal court is required to show by a preponderance of the evidence that the jurisdictional minimum is satisfied.  *Hart v. FedEx Ground Package Sys.,* 457 F.3d 657, 679 (7th Cir. 2006).  The question is "not how much the plaintiff is sure to recover … [but] what amount is 'in controversy.'"  *See Spivey* v. *Vertrue, Inc.,* 528 F.3d 982, 985 (7th Cir. 2008).  Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(6).

13.     Here, the putative class action seeks restitution and damages for consumers from across the country who purchased Wen® Hair Care Products.  Plaintiff has defined the putative class as:

> All consumers who reside in the United States and, within the applicable statute of limitations period, purchased and/or used the Wen Hair Care Products in the United States that were of a different quality, type, and nature than as represented by Defendant. Excluded from the Class are Defendant and their officers, directors and employees as well as those who purchased the Wen Hair Care Products for the purpose of resale or use on others.

*See* Complaint, ¶ 21.  Further, the Complaint states that the class period is the "applicable statute of limitation period," which could range from two (2) years to ten (10) years depending on the specific claim.

14.     Looking first at restitution, even taking the most conservative limitations period in defining the class – two (2) years – the amount in controversy exceeds the jurisdictional limit.

Plaintiff seeks to disgorge Guthy-Renker's revenue from the Wen® Hair Care Products, which Plaintiff admits is "in no instance less than $25 in damages for each individual."  In the last two years, Guthy-Renker has sold Wen® Hair Care Products to more than 200,000 consumers throughout the United States. Ex. B, ¶ 6.   Thus, the restitution sought on these sales alone establishes the amount in controversy (200,000 * $25 = $5,000,000).[3]  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447, 449 (7th Cir. 2005) (holding that the amount in controversy exceeded the $5 million threshold where the statute provided for $500 in damages to each class member, and the defendant conceded that there were "at least 3,800" class members); *Rippy v. Target Brands, Inc.*, 2014 U.S. Dist. LEXIS 19191, at *7 (S.D. Ill. Feb. 14, 2014) (concluding that the amount in controversy was met because it was plausible that the damages could exceed $5 million).

15.     In addition to restitution, the Named Plaintiff also seeks consequential damages on behalf of a putative class of nationwide consumers for alleged personal injuries related to purported hair loss, as well as punitive and statutory damages and attorneys' fees.  Complaint, ¶¶ 40, 46, 54, 60, 66, 72, 79, 90.  These purported damages – in addition to the restitution sought – clearly bring the aggregate amount in controversy above the $5,000,000 amount in controversy required under CAFA.  *Spivey,* 528 F.3d at 986 (affidavit of defendant's employee setting out total charges at issue was sufficient evidence to support CAFA removal).  *See also Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.,* 637 F.3d 827, 830-831 (7th Cir. 2011) (permitting

---

[3] Plaintiff's attempts to exclude those "who purchased the [Wen®] Hair Care Products for the purpose of resale or use on others" from the putative class definition is improper, as Guthy-Renker's terms and conditions make clear that consumers are prohibited from reselling the Wen® Hair Care Products. Ex. B, ¶ 7.  Thus, this exclusion is not applicable.

calculation of possibility of punitive damages in establishing amount in controversy under CAFA). Thus, the fourth and final requirement of CAFA is satisfied and removal is proper.[4]

## **REMOVAL PROCEDURES**

16.     The CAFA removal statute states that class actions may be removed to federal court "in accordance with section 1446."  28 U.S.C. § 1453(b).

17.     Consistent with 28 U.S.C. § 1446, Guthy-Renker is providing this Notice, which provides the requisite "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a). This Notice has been prepared and signed by an authorized attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *Id*

18.     Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for Marion County, Indiana.

19.     Consistent with the requirements of the statute, a copy of all pleadings previously filed in the Removed Action and "a copy of all process, pleadings, and orders served upon" Guthy-Renker are attached.  28 U.S.C. § 1446(a).  These documents are:

> Exhibit A: Summons and Complaint
>
> Exhibit C: Notice of Extension of Time
>
> Exhibit D: Appearances by Plaintiff's counsel
>
> Exhibit E: Appearances by Defendant's counsel

---

[4] "A defendant who seeks to prove that the amount in controversy is greater than the jurisdictional amount does not automatically concede that the jurisdictional amount is recoverable." 14AA Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure, § 3702 (2009).  Here, Guthy-Renker does not concede whatsoever that the jurisdictional amount in controversy is recoverable or that there is any basis for Plaintiff's allegations.  Indeed, Guthy-Renker contends that the allegations are entirely without merit and, as such, no damages are recoverable by either the Named Plaintiff or the putative class.

20.     Guthy-Renker was served with this complaint on July 17, 2014.  This Notice of Removal is filed within thirty days of service and is therefore timely pursuant to 28 U.S.C. §1446(b).  *See Price v. Wyeth Holdings Corp.*, 505 F.3d 624 (7th Cir. 2007).

WHEREFORE, Defendant Guthy-Renker LLC, by counsel, hereby removes the above-captioned action from the Superior Court of Marion County, Indiana.

Respectfully submitted,

LEWIS WAGNER, LLP

/s/ *Janelle P. Kilies*

DINA M. COX, #18590-49
ROBERT M. BAKER, #25471-49
JANELLE P. KILIES, #30708-49
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all counsel of record in this case via first-class mail on August 18, 2014.

Jacob R. Cox
COX LAW OFFICE
1606 N. Delaware Street
Indianapolis, IN  46202
*Attorney for Plaintiff*

/s/ *Janelle P. Kilies*
JANELLE P. KILIES

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202
Phone: (317) 237-0500
FAX:   (317) 630-2790
\\lwfilesrv\DOCS\3100\0061\Pleadings\Notice of Removal v_5.docx

8