# SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: 49D05 14 07 PL 023229 |

RACHEL ALLEN, an individual, on behalf of  )
herself and all others similarly situated,   )
                                              )
                              Plaintiff,      )
v.                                            )
                                              )
GUTHY-RENKER, LLC,                            )
                                              )
                              Defendant.      )

TO DEFENDANT:   Guthy-Renker LLC
c/o Corporation Service Company (Registered Agent)
2711 Centerville Rd, Suite 400
Wilmington, DE 19808

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23), days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated _____          _____
                                                Clerk, Marion Superior Court

JUL 1 1 2014

**(The following manner of service of summons is hereby designated.)**

    X Registered or certified mail.

    Service at place of employment, to-wit _____

    Service on individual   (Personal or copy) at above address.

    Service on agent. (Specify)

**Attorney for Plaintiff**

Jacob R. Cox

Cox Law Office
1606 N Delaware Street
Indianapolis, Indiana 46202
T: 317.884.8550

Marion County Superior Court

200 East Washington Street

Indianapolis, IN 46204

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20_____

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____

_____

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of _____

_____

(3) Other Service or Remarks: _____

_____

Sheriff's Costs                                      Sheriff

                                                     By: _____
                                                         Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____ mailed a copy of this Summons and a copy of the complaint to the defendant, _____

by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                     Clerk of the Circuit Court of Marion County
Dated: _____, 20_____             By: _____
                                                         Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20_____

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20_____.

                                                     Clerk of the Circuit Court of Marion County

                                                     By: _____
                                                         Deputy

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: |

49D05 14 07 PL 023229

RACHEL ALLEN, an individual, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

GUTHY-RENKER, LLC,

    Defendant.

FILED
JUL 11 2014
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT

Plaintiff, Rachel Allen ("Allen"), by counsel, on behalf of herself and all others similarly situated, for her Complaint against Defendant, Guthy-Renker, LLC, alleges as follows:

### PARTIES, JURISDICTION

1. Plaintiff Rachel Allen is an individual who lives in Indiana. Ms. Allen used the Wen Hair Care Products manufactured and distributed by Defendant.

2. Defendant Guthy-Renker, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business located in the Statue of California. Upon information and belief, Guthy-Renker also does business as Wen Hair Care and Wen by Chaz Dean.

3. This Court has subject matter jurisdiction over this matter because Plaintiff is a resident of the State of Indiana who was injured in Indiana by using a product manufactured and sold by Defendant. Subject-matter jurisdiction for the Magnuson Moss Warranty Act claim arises for this Court out of 15 U.S.C. § 2310(d)(1)(a).

4. This Court has personal jurisdiction over Defendant because Defendant does business in the State of Indiana including specifically the sale of the Wen Hair Care Products to Plaintiff and Class members located in Indiana.

## FACTS

5. Defendant advertises, manufactures, markets, distributes and sells the Wen Hair Care Products, including specifically by advertising, distributing, and selling the Wen Hair Care Products to consumers in Indiana.

6. Ms. Allen obtained and used the Wen Hair Care Products to clean her hair prior to a hair appointment in late July, 2012. After Ms. Allen's use of the Wen Hair Care Products, Ms. Allen discovered that the products not only failed to increase the strength and feel of her hair as promised in advertising by Defendant, but in fact did just the opposite by damaging her hair, including irreparably damaging a system of extensions and even causing Ms. Allen's hair to fall out in large clumps. The hair salon where Ms. Allen had her appointment confirmed damage to Ms. Allen's hair, that her hair was falling out, and that damage had also been done to hair extensions.

10. Ms. Allen relied on advertising and product labeling that advised the Wen Hair Care Products were safe to use and would positively affect her hair, as opposed to damaging it. Further, the advertising literature and labeling used by Defendant in selling the Wen Hair Care Product did not at the time, and still do not, warn consumers of the possibility that the Wen Hair Care Products could damage their hair, damage hair extensions, or cause a consumer's hair to fall out.

11. Had Ms. Allen known that the Wen Hair Care Products could damage her hair, damage her hair extensions, or cause her hair to fall out, she would not have used them.

12. When Ms. Allen attempted to resolve this matter informally on her own by contacting you to report the injury caused by Wen, she was treated dismissively and without apology or attempt by you to remedy the situation.

13. The injury suffered by Ms. Allen and response from Wen caused her to investigate others' experiences with the Wen Hair Care Products online, where Ms. Allen found that numerous other users of the Wen Hair Care Products had also suffered hair loss upon using the Wen Hair Care Products

14. Despite Defendant's notice of this issue and the injury caused by the Wen Hair Care Products to consumers, Defendant did not and does not warn consumers of the risks associated with use of the Wen Hair Care Products.

15. Defendant misrepresents the nature of the Wen Hair Care Products and the product sold to consumers such as Ms. Allen is not what is bargained for by consumers.

16. Defendant's misrepresentations regarding the quality, type and nature of the Wen Hair Care Products are conveyed to consumers in a comprehensive and uniform manner, including through such media as magazines, the internet, social media websites, infomercials, and packaging and labeling of the Wen Hair Care Products, where they are sure to be reviewed and relied upon by consumers.

17. As a result of Defendant's misrepresentations and deceptive statements regarding the Wen Hair Care Products it sells, consumers –including Plaintiff and members of the proposed Class – have been damaged and have purchased Wen Hair Care Products that are of a different type, quality and nature than those represented and warranted by Defendant and bargained for by the consumers.

18. Defendant, on the other hand, has profited greatly due to these misrepresentations and deceptive statements through the amounts paid by consumers and received by Defendant for Wen Hair Care Products that were not as represented.

19. Plaintiff bring this action on behalf of herself and other similarly situated consumers to (i) reimburse them for the damages caused by their purchase of the Wen Hair Care Products, including all such damages relating to the replacement of the products purchased by consumers and associated damages such as compensation for physical injury such as damage to hair and the falling out of hair suffered by users of the Wen Hair Care Products as well as emotional distress relating to these injuries, (ii) halt the dissemination of Defendant's false, misleading and deceptive marketing and misrepresentations regarding the quality, nature, and the effect of use of the Wen Hair Care Products, (iii) correct false impressions and beliefs that have been created in the minds of consumers by Defendant relating to the Wen Hair Care Products, and (iv) otherwise obtain redress for those who have purchased the misrepresented and deceptively-marketed Wen Hair Care Products.

20. All conditions precedent to Plaintiff's claims and the claims of the Class have occurred, have been performed, or have been excused or waived.

## CLASS DEFINITION AND ALLEGATIONS

21. Plaintiff bring this action on behalf of herself and members of a Class defined as:

> All consumers who reside in the United States and, within the applicable statute of limitations period, purchased and/or used the Wen Hair Care Products in the United States that were of a different quality, type, and nature than as represented by Defendant. Excluded from the Class are Defendant and their officers, directors and employees as well as those who purchased the Wen Hair Care Products for the purpose of resale or use on others.

22. ***Numerosity.*** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Upon information and belief, the proposed Class contains hundreds or even thousands of consumers who purchased Wen Hair Care Products throughout the United States and whom have been damaged by Defendant's conduct as alleged herein. Individual joinder of each such Class member would be impractical. The precise number of Class members is unknown to Plaintiff at this time.

23. ***Existence and Predominance of Common Questions of Law and Fact.*** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a) Whether Defendant's representations discussed above are misleading, or objectively reasonably likely to deceive;

    (b) whether Defendant's alleged conduct violates public policy;

    (c) whether the alleged conduct constitutes violations of the laws asserted;

    (d) whether Defendant engaged in false or misleading advertising;

    (e) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

    (f) whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

25. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia,* all Class members were injured through the uniform misconduct described

above and were subject to Defendant's deceptive representations that were used to market and sell the Wen Hair Care Products and also accompanied each and every unit of the Wen Hair Care Products. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class. Plaintiff is representative of the Class and has standing to advance these claims because she used and was injured by the Wen Hair Care Products in reliance on Defendant's misrepresentations, used and was injured by the Wen Hair Care Products that were other than as represented and warranted by Defendant, and suffered damages that were proximately caused by Defendant's misrepresentations and unlawful acts.

26. *Adequacy of Representation.* Plaintiff wish to represent the Class because Plaintiff feel that she has been deceived, wishes to obtain redress for the wrongs that have been done to Plaintiff, and also wish to ensure Defendant is not allowed to perpetrate similar wrongs on other consumers. Plaintiff will fairly and adequately protect the interests of the members of the Class and does not have interests that conflict with or are antagonistic to the interests of the Class member. Plaintiff has retained counsel experienced in complex consumer class action litigation and knowledgeable of applicable law to claims for the Class, and Plaintiff intends to prosecute this action vigorously.

27. *Superiority.* A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant, including the necessity of extensive discovery and the likely need for and use of expert witnesses in relation to the issues raised in this litigation. It would be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could

afford such individualized litigation, the court system would be overwhelmed by such redundant litigation of the same factual issues set forth in this Complaint. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

28. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described, and requiring Defendant to provide full restitution to Plaintiff and all other Class members.

29. Unless a Class is certified, Defendant will retain monies received and/or have no obligation to remedy injuries caused as a result of its conduct and in relation to Plaintiff and Class members. Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived.

30. Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

### Count I: Violation of the Magnuson-Moss Warranty Act

31. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. Plaintiff brings this claim individually and on behalf of the Class.

33. Plaintiff and the Class members are consumers who have purchased and/or used consumer products as defined by the Magnuson-Moss Warranty Act, codified at 15 U.S.C. § 2301, et seq.

34. Defendant is a supplier and warrantor of the Wen Hair Care Products who distributed the Wen Hair Care Products in commerce.

35. Defendant each made deceptive express warranties and implied warranties, including the implied warranty of merchantability that the Wen Hair Care Products were of the nature, type, and quality of hair products as represented to the consumers prior to and at the time these products were sold, obtained, and/or used by the consumers.

36. Included in the implied warranty of merchantability made by Defendant was the warranty that the Wen Hair Care Products conformed to the promises or affirmation of fact made on the container or label for the Wen Hair Care Products

37. Defendant breached these warranties by providing the Wen Hair Care Products to Plaintiff and the Class members that were not of the nature, type, and quality of hair care product warranted by Defendant and not in conformity to the affirmation of fact made on the container or label for the Wen Hair Care Products.

38. Defendant has been provided reasonable opportunity to cure their failure to comply with the requirements set forth in the Magnuson-Moss Warranty Act, including by manner of communications and correspondence from Ms. Allen and her counsel, but have refused to do so.

39. Defendant's breach of warranty has proximately caused damage to Plaintiff and the Class members in an amount to be determined at trial, but in no instance less than $25 in damages for each individual claim or less than $50,000 for the combined value of all claims to be determined in this suit.

40. In addition to their actual and consequential damages, Plaintiff and the Class members are entitled to an award of costs, expenses, and reasonable attorneys' fees associated with this litigation.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual and exemplary damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

### Count II: Fraud

41. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. Plaintiff bring this claim individually and on behalf of the Class.

43. Defendant made numerous material representations of past or existing fact that were false, including statements regarding the type, quality, and nature of the Wen Hair Care Products sold to Plaintiff and other Class members as set forth above in greater detail.

44. Defendant made these false material representations of past or existing fact with knowledge or reckless ignorance of their falsity.

45. Plaintiff and the Class members each relied upon the false material representations of fact by Defendant, and this reliance proximately caused injury to Plaintiff and the Class members in the amounts paid for the Wen Hair Care Products that were sold and falsely represented by Defendant as well as physical injury and emotional distress in relation to damaged hair and the suffering of bald spots where hair fell out by users of the Wen Hair Care Products.

46. Plaintiff and the Class members are entitled to damages in an amount to be determined at trial as compensation for the injuries they suffered.

WHEREFORE, Plaintiff pray for judgment against Defendant in favor of Plaintiff and the Class members for actual and exemplary damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

### Count III: Violation of State Consumer Fraud Acts

47. Plaintiff incorporatess by reference and re-allege each and every allegation set forth in paragraphs 1 through 46 above as if fully set forth herein.

48. Plaintiff bring this claim individually and on behalf of the Class.

49. As set forth in the Indiana Deceptive Consumer Sales Act, Indiana Code § 24-5-0.5-2, Plaintiff and the Class members are persons who engaged in consumer transactions with Defendant, suppliers, for the purchase of personal property.

50. The property sold to Plaintiff and the Class members by Defendant pursuant to these consumer transactions were stated and purported by Defendant to be of a particular standard, quality, grade, style, or model, as more fully set forth above, when in fact they were not and Defendant knew or should have reasonably known that they were not.

51. These deceptive acts were willfully done by Defendant as part of a scheme, artifice, or device with intend to defraud and mislead Plaintiff and the Class members, and thus constitute incurable deceptive acts as set forth under Indiana law.

52. Plaintiff and the Class members have been damaged by Defendant's deceptive acts and are entitled to a judgment for these damages in an amount to be determined at trial.

53. Plaintiff and the Class members are further entitled to treble damages and attorneys' fees as set forth in Indiana Code § 24-5-0.5-4.

54. Further, it is believed that discovery in this litigation will reveal that consumers in other States than Indiana have had their consumer rights violated, as set forth in consumer protection laws in those other States, by Defendant's actions. To the extent that those other States' consumer protection laws require the same legal elements and issues as the Indiana Deceptive

Consumer Sales Act such that common questions of law exist amongst the Class, Plaintiff anticipate amending this Complaint to set forth claims under those Consumer Fraud Acts.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential and exemplary damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

### Count IV: Deception or Intentional Misrepresentation

55. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 54 above as if fully set forth herein.

56. Plaintiff bring this claim individually and on behalf of the Class.

57. Defendant knowingly or intentionally made false or misleading written statements to Plaintiff and the Class members regarding the Wen Hair Care Products that were being sold to Plaintiff and the Class members, including specifically false statements regarding the safe nature of the Wen Hair Care Products and the effect it has when used by consumers.

58. Defendant made these false or misleading written statements with the intent to obtain property belonging to Plaintiff and the Class members, i.e., the money paid to obtain the the Wen Hair Care Products used by Plaintiff and the Class members.

59. Defendant's conduct constitutes deception and/or intentional misrepresentation.

60. As a direct and proximate result of Defendant's criminal deception, Plaintiff and the Class members have sustained pecuniary loss in an amount to be proven at trial and are entitled to a judgment for these damages, including any statutorily mandated liquidated or punitive damages or multipliers as well as reasonable attorney fees and expenses.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential and exemplary damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

### Count V: Breach of Express Warranties

61. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 60 above as if fully set forth herein.

11

62. Plaintiff brings this claim individually and on behalf of the Class.

63. Defendant expressly warranted that the Wen Hair Care Products were safe to use and would not harm consumers or their hair in marketing, selling, labeling and packaging the Wen Hair Care Products. These representations by Defendant were affirmations of fact that were part of the basis of the bargain between Defendant and Plaintiff and the Class members and created an express warranty that the Wen Hair Care Products would conform to the stated promise. Plaintiff and the Class members placed importance on Defendant's representations.

64. Defendant breached their express warranties by providing the Wen Hair Care Products that were not of the type, nature and quality represented including specifically that the Wen Hair Care Products cause hair damage and hair loss in at least some consumers.

65. Defendant's breach of express warranties has damaged Plaintiff and the Class members in an amount to be determined at trial.

66. Plaintiff and the Class members are entitled to judgment in their favor against Defendant for damages they have suffered as a result of Defendant's breach of warranty.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential and exemplary damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

### Count VI: Breach of Implied Warranties

67. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 66 above as if fully set forth herein.

68. Plaintiff bring this claim individually and on behalf of the Class.

69. Defendant made implied warranties relating to the Wen Hair Care Products products including the implied warranty of merchantability, whereby they warranted that the the Wen Hair Care Products were merchantable and conformed to the promises or affirmations of fact made on the labeling and packaging of the the Wen Hair Care Products. Defendant did so with the intent to induce Plaintiff and the Class members to obtain and use the falsely labeled and packaged the Wen Hair Care Products.

70. Defendant breached these implied warranties by manufacturing, marketing, distributing, and selling the Wen Hair Care Products that did not comply with the affirmations of fact made on the product labels and packaging as set forth in detail above.

71. Defendant's breach of implied warranty has directly and proximately caused injury to Plaintiff and the Class members, as they did not receive merchantable goods as impliedly warranted by Defendant.

72. Plaintiff and the Class members are entitled to judgment in their favor against Defendant for the damages they have suffered as a result of Defendant's breach of warranty in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential and exemplary damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

### Count VII: Negligence (Including Negligence Per Se)

73. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 72 above as if fully set forth herein.

74. Plaintiff bring this claim individually and on behalf of the Class.

75. Defendant had a duty to use care in manufacturing, advertising, marketing, distributing, and selling the Wen Hair Care Products.

76. Defendant breached this duty of care by negligently making false and misleading representations regarding the Wen Hair Care Products, as set forth in greater detail above, without reasonable grounds for believing that the false and misleading representations were true. Defendant made these statements for purposes of inducing Plaintiff and the Class Members to rely on the false and misleading statements and obtain and use the Wen Hair Care Products due to that reliance.

77. Plaintiff and the Class members reviewed and then justifiably believed and relied upon Defendant's false and misleading statements in obtaining and using the Wen Hair Care Products, and in doing so suffered damages proximately caused by Defendant's breach of duty.

78. Defendant further committed negligence per se through violation of various federal and state statutes and regulations including the Magnuson Moss Warranty Act and State Consumer Protection and Consumer Fraud laws. Plaintiff and the Class members have suffered damages proximately caused by violation of these statutes and regulations, are individuals in a class of persons that were meant to be protected by these various statutes and regulations, and the injuries Plaintiff and the Class members have suffered were of the type the statutes and regulations were meant to prevent.

79. Plaintiff and the Class members have suffered damages proximately caused by Defendant's negligence and breach of duty in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential and exemplary damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

### Count VIII: Claim for Strict Product Liability

80. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 79 above as if fully set forth herein.

81. Defendant is the manufacturer and distributor of the Wen Hair Care Product that was sold to, obtained and used by the Plaintiff and the Class members, users and consumers of the Wen Hair Care Products.

82. Defendant is engaged in the business of selling the Wen Hair Care Products.

83. Defendant placed the Wen Hair Care Products into the stream of commerce in a defective condition that was unreasonably dangerous to the Plaintiff and Class members.

84. Specifically, reasonable persons among those considered expected users or consumers of the Wen Hair Care Products, including Plaintiff and the Class members, would not and did not contemplate that the Wen Hair Care Products would be in a condition such that it would damage a user's hair or cause that user's hair to fall out.

85. This condition was unreasonably dangerous to Plaintiff and the Class members despite their handling and consumption of the Wen Hair Care Products.in reasonably expectable ways.

86. The Wen Hair Care Products was expected to and did reach the user or consumer without substantial alteration in the condition in which it was sold by Defendant.

87. Plaintiff and the Class members are and were in the class of persons that Defendant should reasonably foresee as being subject to the harm caused by the defective condition of the Wen Hair Care Products.

88. Due to its defective condition, on July 17, 2012, the Wen Hair Care Products caused physical harm to Plaintiff, and on information and belief caused harm to the Class members on that same date or other dates during the applicable period encompassing the statute of limitations on claims for the Class members.

89. Under Indiana's Product Liability Act, codified at I.C. 34-20-1 et seq., Defendant is strictly liable for all damages to Plaintiff and the Class members that resulted from this defective condition.

90. Further, it is believed that discovery in this litigation will reveal that consumers in other States than Indiana have had rights violated in violation of the product liability statutes of those other States by Defendant's actions. To the extent that those other States' consumer protection laws require the same legal elements and issues as Indiana such that common questions of law exist amongst the Class, Plaintiff anticipate amending this Complaint to set forth claims under those other State laws.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, incidental, and consequential damages, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding damages to Plaintiff and the proposed Class members;

C. Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

D. Awarding injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

E. Awarding statutory and punitive damages, as appropriate;

F. Ordering Defendant to engage in a corrective advertising campaign;

G. Awarding attorneys' fees and costs; and

H. Providing such further relief as may be just and proper.

Respectfully submitted,
COX LAW OFFICE

Jacob R. Cox, Attorney No. 26321-49
**COX LAW OFFICE**
1606 N. Delaware Street
Indianapolis, Indiana 46202
T: 317.884.8550
F: 317.660.2453
jcox@coxlaw.org

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, along with an appearance and summons, has been served upon the following, via filing with the Clerk of the Court for service by certified mail ,on the 11th day of July, 2014:

Guthy-Renker LLC
c/o Corporation Service Company (Registered Agent)
2711 Centerville Rd, Suite 400
Wilmington, DE 19808

_____
Jacob R. Cox